EDWIN H. CARROLL *et al.*

*v.*

ALFRED R. TOMLINSON.

*Opinion filed October 24, 1901.*

1. CONVEYANCES—*when transaction is not a mortgage.* A conveyance by quit-claim deed from the owners of the equity of redemption to the mortgagee and a bond executed by the mortgagee to the grantors in the quit-claim deed, by which he agrees to convey the premises to them upon their payment of a specified sum at a certain date, do not amount to a mortgage.

2. SAME—*when bond for deed is not forfeited.* A bond for deed is not forfeited by the obligee's failure to pay the principal at the specified time, where the obligor extends the time first agreed upon, and afterward, although anxious to collect the interest, was unwilling to receive the principal.

3. ACCOUNTING—*when obligor in bond for deed is chargeable with rent reserved in lease.* The obligor in a bond for deed who has leased the land for a year under an agreement to apply the rent on the bond, is chargeable with the rent for the term if he could by reasonable diligence have collected it, and has no right, without the consent of the obligees, to release the tenant from a portion of the rent.

4. COSTS—*costs in chancery cases are ordinarily discretionary with the court.* In chancery cases the taxing of costs is ordinarily in the discretion of the court, and if no abuse of discretion is shown the action of the court will stand, on appeal.

APPEAL from the Circuit Court of Mercer county; the Hon. W. H. GEST, Judge, presiding.

BASSETT & BASSETT, and ROBERT I. WATSON, for appellants:

The deed in this case was absolute, and in order to hold that it was a mortgage requires clear proof that it was really given as security for the payment of a debt. *Lindauer* v. *Cummings*, 57 Ill. 195.

A conveyance by deed absolute, and bond given by the grantee to the grantor at the same time, do not prove that the transaction was a mortgage. *Silsbe* v. *Lucas*, 36 Ill. 462; *Pitts* v. *Cable*, 44 id. 103.

Persons may make time of the essence of the contract, and provide for a forfeiture if not strictly performed; and such contracts will be enforced at law and in equity. *Kemp* v. *Humphreys*, 13 Ill. 573; Pomeroy on Contracts, sec. 390; *Smith* v. *Brown*, 5 Gilm. 314; *Cunningham* v. *Railroad Co.* 77 Ill. 180; *Heckard* v. *Sayre*, 34 id. 142; *Conway* v. *Case*, 22 id. 127; *Phelps* v. *Railroad Co.* 63 Ill. App. 468; *Wynkoop* v. *Conway*, 21 Ill. 585.

The payment of money after the right of the vendor to declare a forfeiture does not stop the party from declaring a forfeiture for the remainder on refusal to pay the remainder. *Cunningham* v. *Railroad Co.* 77 Ill. 180.

The payment of a considerable part of the purchase money will not excuse the purchaser for non-performance. *Steele* v. *Biggs*, 22 Ill. 645.

JAMES M. BROCK, for appellee:

A deed absolute in terms, given to indemnify another person for moneys agreed to be paid on the debt of the grantor, is a mortgage. *Roberts* v. *Richards*, 36 Ill. 339.

A mortgagee in possession becomes liable to account for the rents and profits actually received or which by proper diligence he might have received. *Fountain* v. *Bookstaver*, 141 Ill. 461; *Jackson* v. *Lynch*, 129 id. 72.

Forfeitures are not favored in equity, and must yield to the principle of compensation where fair dealing and good conscience demand. Nor will a forfeiture be enforced which the parties have waived by a mutual course

of conduct. *King* v. *Radeke*, 175 Ill. 72; 74 Ill. App. 369; *Watson* v. *White*, 152 Ill. 364.

An agreement that time shall be of the essence of the contract may be waived or set aside, and especially so in the contemplation of a court of chancery by the consent or conduct of the party in whose favor and for whose benefit such stipulation is made. *Allen* v. *Woodruff*, 96 Ill. 11; *Palmer* v. *Ford*, 70 id. 369; *Watson* v. *White*, 152 id. 364.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 3, 1898, Edwin H. Carroll, one of the appellants, held a mortgage upon one hundred and twenty acres of land in Mercer county, executed by William A. Kincaid and wife August 12, 1895, to secure a note for $2400, with interest at seven per cent. Kincaid and wife had conveyed the equity of redemption to Alfred Tomlinson, the appellee, and Otis Whan. The interest was in arrears and Carroll was insisting upon payments being made to reduce the amount due, or upon further security. Negotiations were begun, which culminated March 10, 1898, in an agreement, by which Tomlinson and Whan conveyed said equity of redemption, by quit-claim deed, to said Edwin H. Carroll, who, with his wife, Caroline Carroll, the other appellant, gave them a bond conditioned for the conveyance of said property to Tomlinson and Whan upon the payment of a certain sum on January 1, 1899, with interest at seven per cent. On December 31, 1898, Whan conveyed all his interest in the land to the appellee, Tomlinson, who filed the bill in this case January 30, 1901, against said appellants and William T. Lee, a tenant, alleging a tender to appellants of the amount due according to the terms of the bond and a refusal by appellants to receive the same. The money tendered was brought into court, and the prayer was for a decree that appellants should convey the premises to appellee according to the terms of the bond. Lee was

defaulted and the bill was answered by appellants, who insisted that the bond had been forfeited and that the amount tendered was not sufficient to pay the amount due. The court heard the evidence of the parties and found for the appellee, and decreed that the appellants should convey to him, by quit-claim deed, all interest in the premises upon payment of the amount found due by the court, which was tendered in open court and refused and left with the clerk of the court. The costs were adjudged against the appellants, and they appealed.

The bill alleged that the deed by the complainant, Tomlinson, and his co-tenant, Whan, to Edwin H. Carroll, was intended by the parties to be a security for the amount then due on the mortgage and certain sums paid for taxes and redemption from tax sale and expenses, and that the conveyance and bond amounted to a mortgage. It is insisted that the transaction did not have the character of a mortgage, but that it was a conveyance with an agreement to re-convey, which might be forfeited for non-compliance with the terms of the bond. There was no agreement on the part of the complainant and Whan to do anything or to pay any money, and the bond did not secure any debt. A mortgage is security for a debt or obligation and an incident thereto, and it is therefore held that a debt or obligation of some kind is an essential element in a mortgage. (*Rue* v. *Dole*, 107 Ill. 275; *Burgett* v. *Osborne*, 172 id. 227.) The bond merely provided that if the complainant and Whan should pay a certain sum, with interest and taxes, the obligors would convey the premises. There was no liability which the makers of the bond could enforce and no debt or obligation. The conveyance and bond did not amount to a mortgage, but the bill set out the transaction and the instruments executed by the parties, and was so framed as to authorize a decree for a specific performance.

In the next place, it is contended that the complainant was not entitled to a specific performance because

the bond had been forfeited. When the money was due by the terms of the bond, complainant paid Edwin H. Carroll $500, and it is conceded that the time was then extended to September 1, 1899. There were further agreements for extension, but it is contended that Carroll never agreed to extend the principal sum beyond March 1, 1900. Time was made of the essence of the contract, but Carroll waived the provision so far as the first extension was concerned, and it is clear that afterward, while he was anxious to collect the interest, he was unwilling to receive the whole amount. He wrote several letters during 1900, and as late as the last of November he objected to receiving the principal, which would probably be idle in his hands until the next spring. In these letters he was insisting upon payment of the seven per cent interest, and, at the same time, was unwilling to take the principal when he could not realize the same rate of interest or perhaps the money would be idle. The evidence failed to show that there was any forfeiture.

It is next contended that the court did not ascertain correctly the amount due. The bond had been lost or mislaid and its contents were proved by the testimony of witnesses. They differed slightly as to the amount, and we see no reason to differ with the court in its conclusion. The principal thing complained of is, that the court charged the defendant Edwin H. Carroll with $360 as rent collected when he only collected $200. By agreement he had possession of the land from March 1, 1898, to March 1, 1899, and was to rent the land and apply the rent on the bond. He rented it to one Swanson for $360, payable March 1, 1899. The land was overflowed and a good part of the crops was lost, and he, deeming it equitable to the tenant, threw off $50 of the rent. Of the remaining $310, $200 was paid to him. The evidence showed that the tenant was good and that the rent could have been collected. It was, perhaps, a hardship for the tenant to pay the rent under the circumstances, but the

obligation to pay was not affected thereby, and Carroll had no right to release a part of the rent without the consent of those beneficially interested. He did not show that he could not, by reasonable effort, have collected the rent, and he was chargeable with it if he could by reasonable diligence have collected it. *Jackson* v. *Lynch*, 129 Ill. 72.

It is further objected that the costs should not have been adjudged against the defendants because there was no allegation in the bill that the complainant was willing and ready to pay all that was due on the bond. The bill alleged that he offered to pay all that was afterward found due by the court, and the amount tendered was sufficient to pay the debt, with the exception of what the defendant Edwin H. Carroll had paid to the county clerk to redeem from a sale of the land to complainant for taxes. Complainant had bought the land at a tax sale, but he was bound to pay the taxes, and his payment by purchase was not different from any other payment. The purchase was worth nothing against Carroll and he was not called upon to redeem from it. Inasmuch as he had done so, the court required Tomlinson to refund the amount in addition to the amount due on the bond. Costs in chancery cases are ordinarily in the discretion of the court, and we do not think the discretion was abused in this case.

Finally, it is urged as error that the cause was not referred to a master in chancery to state an account. There was no such general account as required a reference. There was nothing to be done but to compute interest and a few payments on the bond and the amount paid to redeem from the tax sale. We perceive no error in the decree, but think the equities were with the complainant and that the decree was right.

The decree is affirmed.

                                        *Decree affirmed.*