S. E. McKinney, *Appellant*, v. James Gainey, *Appellee*.

Opinion filed October 26, 1928.

E. G. Baxter and S. L. Scruggs, both of Gainesville, for Appellant;

W. S. Broome, of Gainesville, for Appellee.

GIBLIN, Circuit Judge:

The only question to be determined herein is whether, on the pleadings and evidence in the suit, the chancellor below erred in decreeing that the conveyance of certain lands by the appellee to the appellant, by warranty deed absolute on its face, was in fact and in law merely a mortgage to secure the payment of money.

This Court has repeatedly held, under the governing statute, which provides that "all deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property either

real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages,'' that a deed absolute on its face will be held to be a mortgage when it is proved that it was made to secure the payment of money. Shear v. Robinson, 18 Fla. 379; Franklin v. Ayer, 22 Fla. 654; First National Bank v. Ashmead, 2 So. R. 657, 23 Fla. 379; DeBartlett v. DeWilson, 42 So. R. 189, 52 Fla. 497; Hull v. Burr, 50 So. R. 754, 58 Fla. 432; Elliott v. Conner, 58 So. R. 241, 63 Fla. 408; Cary & Co. v. Hyer, 107 So. R. 684.

The question, whether a deed which is absolute in form is to be taken as a mortgage, depends upon the intention of the parties in regard to it at the time of execution. This may be ascertained from the paper itself, or the instrument in connection with contemporaneous writings or agreements concerning the subject matter, or by the aid of extraneous evidence which will determine the question. Holmberg v. Hardee, 108 So. R. 211; 27 Cyc. 1007. The attitude of the parties relative to the conveyance after its execution may also be considered. Holmberg v. Hardee, *supra.*

In the case at bar the appellee testified that prior to the execution of the deed in question the involved lands were encumbered by several mortgages, all of which were in default, and that the appellant at the appellee's request advanced the money to satisfy and discharge the claims of the several mortgages. It was to secure the repayment to the appellant of such advances, the appellee testified, that the deed was executed and delivered to the appellant.

If the testimony of the appellee is to be believed, the advances of money made by the appellant to discharge the mortgage liens constituted nothing more than a loan by him to the appellee. The appellee further testified that it was understood and agreed between him and the appellant that the appellee should have two years within which to repay the appellant the money advanced. Circumstances were related by the appellee which tended to substantiate his assertion that he borrowed the money from the appellant to pay the claims of the several mortgagees and agreed to repay it within two years; and his testimony was corroborated, in part, by that of his wife.

The test generally accepted as decisive in determining whether a deed absolute on its face should be deemed and held a mortgage is the mutuality and reciprocity of the remedies of the parties—that is to say, if the grantee enjoys a right, reciprocal to that of the grantor to demand reconveyance, personally to compel the latter to pay the consideration named in the stipulation for reconveyance, the transaction is a mortgage; while if he has no such right to compel payment, the transaction is a conditional sale. There must be a debt, or there can be no security for its payment. Holmberg v. Hardee, *supra*; Guaranty Title and Trust Co. v. Thompson, 113 So. R. 117; Haynie v. Robertson, 58 Ala. 39; 19 R. C. L. Sec. 35, Mortgages. If the testimony of the appellee is true, the application of such test removes all doubt as to the construction to be placed upon the deed in question. It must be construed as a mortgage.

It is true that the testimony of the appellant was in direct conflict with that of the appellee; but the decree of the lower court will not be reversed merely because of this conflict. We will not substitute our judgment for that of the chancellor below. There is, we think, ample testi-

mony in the record to sustain the finding of the chancellor that the deed was executed under conditions that made it in effect a mortgage.

Counsel for the appellant do not complain in their brief of the incidental relief afforded the appellee in the decree appealed from; that is, the determination, upon the accounting taken, of the amount due and owing by the appellant to the appellee for the use of the involved lands. We therefore presume that the appellant has no quarrel as to the correctness of the accounting, but relies solely upon his contention that the chancellor erred in decreeing that the deed in question was in effect a mortgage.

The decree of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.