Minnie Mason, *et al.,* v. E. Cunningham.

149 So. 331.

Division A.

Opinion Filed June 27, 1933.

*E. L. Bryan,* for Appellant;

*John J. Twomey,* for Appellee.

Davis, C. J.—This was a mortgage foreclosure case in which the defense of usury interposed by the mortgagors in their answer was not sustained by the final decree of the Chancellor, who awarded a foreclosure of the mortgage as prayed in the bill of complaint.

It appears from the evidence disclosed by the transcript that there is substantial basis therein for the Chancellor's evident finding that the mortgagors first applied to a loan broker to procure them a loan of money to be secured by mortgage on real estate; that for such service they agreed to pay, and did pay, to the broker, a fixed commission for his services rendered in procuring the loan; that in the negotiations had in this particular, that the broker applied to was acting as agent for the borrower with respect to obtaining the loan, although he acted in part for the lender in completing the transaction which first originated with

the borrower's application to the broker; that the transaction was a *bona fide* one involving only the payment of a *bona fide* broker's commission, and was not a mere subterfuge resorted to by the lender as a means of defeating the usury law by a circuitous method of indirection in procuring for the lender additional and unlawful compensation in the form of a commission, for his putting out of his money.

Where a transaction involves payment of a consideration for use of money, and the consideration contemplated to be paid and received by the party advancing the money, is beyond the maximum amount authorized by the statute fixing a legal rate of interest, and declaring it to be usury to charge in excess of the rate of interest permitted, the transaction itself will be regarded as infected with usury, and subject to the penalties the law provides therefor, regardless of the form, device, or cloak by which it is accomplished. But if the transaction is one by which a person needing money, applies to a broker to render him service in procuring for him a loan, in consideration of which he agrees to pay such broker a broker's commission if a loan is procured for him, a commission paid to the broker in his capacity as an agent for the borrower in procuring the loan, will not be considered as rendering the loan usurious because in excess of the statutory interest permitted, even though the broker may act for the lender in other matters, or in some respect in connection with the loan in question, if it be clear that in procuring the loan the broker was acting as the agent of the borrower, and that the commission actually agreed to be paid was not more than a reasonable amount chargeable for that kind of service and was to be paid to the broker solely for his services. Wicker v. Trust Co. of Florida, 109 Fla. 411, 147 Sou. Rep. 586; 21 A. L. R. 824, and cases cited.

The Chancellor below was required to determine from the evidence as a matter of fact whether or not usury had actually been exacted in the guise of a broker's commission, or whether the commission charged was a *bona fide* service charge made by the broker as the borrower's agent, solely to compensate him for his services in procuring the loan. The issue was decided in favor of appellee. We find no occasion for reversing on this appeal the result of that decision, in view of the well-settled rule prevailing in this Court as to reversals on the facts alone.

Affirmed.

WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.