IOLA V. BRUMICK, *et al.,* v. BELVA E. MORRIS.

178 So. 564.
Division B.
Opinion Filed January 8, 1938.
Rehearing Denied February 16, 1938.

*Jas. B. Gibson, Jr.,* and *Eldridge Cutts,* for Appellants; *Hampton, Bull & Crom,* for Appellee.

CHAPMAN, J.—This is an appeal from a final decree dated April 25, 1936, entered by the Circuit Court of Hillsborough County, Florida. On March 7, 1936, plaintiffs below, appellants here, filed their amended bill of complaint against the defendant, alleging, among other things, the plaintiffs inherited the property described in the bill of complaint and is referred to as valuable and well located property situated in the City of Tampa and had been in the family of the plaintiff for many years. That city, county and state taxes had accumulated and these liens remained unpaid for some three or four years. These unpaid tax certificates were placed with an attorney for collection and the plaintiffs borrowed of the defendant $7,250.00 and gave notes and mortgage securing the sum due five years after October 30, 1930, with interest due and payable, semi-annually and represented by notes in the sum of $290.00 each and maturing during the five year period. The borrowed money was used to pay taxes on the mortgaged premises, except a certificate of deposit in the sum of $1250.00 on the Citizens Bank of Tampa, being a part of the $7,250.00 loan. The rental income from the mortgaged premises was insufficient to pay the semi-annual installments of interest and the taxes subsequently maturing thereon when on November 10, 1932, foreclosure was instituted on the said notes and mortgage. The parties by agreement under date of March 2, 1933, compromised the foreclosure by the plaintiffs to this suit exe-

cuting and delivering to the defendant a warranty deed to the mortgaged premises and at the same time an option agreement to purchase said property by the plaintiffs on or before one year after date. Copies thereof are attached to the amended bill of complaint and by appropriate language made a part thereof. On March 24, 1934, defendant here granted plaintiffs three additional months in which to make application and obtain from the Home Owners Loan Corporation the money to pay the mortgage indebtedness.

It is alleged that the warranty deed, the one year option to purchase, and the 90 days extension, granted to obtain the money from the Home Owners Loan Corporation, are each void, without consideration and obtained by means of force, fear and compulsion, the plaintiffs being compelled to accede to the wishes and desires of the defendant; that defendant charged and imposed a rate of interest for the use of said money which in law amounted to usury. The value of the mortgaged premises was estimated at being from $25,000.00 to $40,000.00. The suit to foreclose has not been dismissed, nor the mortgage satisfied of record. That the deed dated March 2, 1933, is in law and equity a mortgage and the plaintiffs have a right to redeem. The defendant from March, 1934, to February, 1935, collected rents on said property and obtained possession under a final judgment of unlawful detainer or a writ of restitution issuing thereon out of the Circuit Court of Hillsborough County, Florida, and upon writ of error the same was rendered void and of no effect.

It is alleged that several of the small houses were by the defendant torn down and removed. The prayer of the bill of complaint is (a) full and complete accounting; (b) payment for houses destroyed; (c) restraining order against

all possible litigation; (d) that the warranty deed dated March 2, 1933, be decreed a mortgage. The amended bill has a number of exhibits attached and made a part thereof. Likewise nine interrogatories are attached and each required an answer or answers thereto by the defendant, as required by the rule.

On March 13, 1936, defendant filed an answer and motion to dismiss the amended bill of complaint. The answer denies that plaintiffs are the owners of the mortgaged premises or entitled to the possession or right of possession thereof. It is admitted that the plaintiffs are darkies and the family for many years resided on the property; admits the loan of the money and explains the receipt and expenditures thereof by the plaintiffs; admits the receipt of the deed and alleges the delivery of the notes and mortgage with satisfaction threeof by defendant to the plaintiffs; denies penalties exacted by statute for usury. The defendant did not force plaintiffs to accept the Citizens Bank certificate in the sum of $1250.00 and no usurious transaction accrued between the parties to this suit. The answer contains other matter by admission, confession or denial not necessary to recite.

The answer sets up as a counter claim certain facts with appropriate prayers but in view of the fact that no evidence was offered by the defendant and the suit dismissed on final hearing, the same is not material for a determination of this suit. The answer has a number of exhibits attached and motion to dismiss the amended bill of complaint. The record shows other important items not necessary to appear in this opinion. The testimony was taken before Honorable Harry N. Sandler, a Judge of said Circuit Court and after the plaintiffs rested their case and before any evidence was heard by the Court in behalf of the defendant,

counsel moved the court for an order on the motion to dismiss filed simultaneously with the defendant's answer and, after argument, the motion was sustained and the amended bill dismissed. An appeal from the final decree was taken and the record perfected and the cause is here for review with several assignments of error predicated largely on the final decree of dismissal.

Counsel for plaintiffs devote several pages of their brief in discussing the law and evidence controlling usury as applies to this suit. While this phase of the suit is important, we feel that the point may become material, provided the deed dated March 2, 1933, is decreed a mortgage. Let us apply the law to the evidence adduced and reach a conclusion as to this conveyance. The statute controlling this subject is Section 5724 C. G. L., 3836 R. G. S., viz.:

"INSTRUMENTS DEEMED MORTGAGES.—All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."

Counsel for plaintiffs cites and relies on the utterances of this Court as expressed in Cary & Co. v. Hyer, 91 Fla. 322, 107 Sou. Rep. 684, viz.:

"A cardinal rule in the construction of *ambiguous* contracts is that the intention of the parties, when ascertained, will govern. See Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 South. Rep. 427, and compare Peoples Savings Bank v.

Landstreet, 80 Fla. 853, 87 South. Rep. 227. Where parties intend a conditional sale rather than a mortgage, that intention will be given effect. Smith v. Hope, 47 Fla. 295, 35 South. Rep. 865. But in view of the provisions of our statute, even if it were not so independently thereof, neither artifice or form nor superficial declaration of intention will successfully obscure the true nature of the transaction. The Statute is designed to insure effectuation of the *genuine* purpose and intention of the parties by subordinating thereto the ostensible form in which the transaction is finally couched. That purpose and intention is therefore to be ascertained, not alone from the form of the instrument which evidences the transaction, but principally from the conduct of the parties and a fair consideration of the entire transaction as disclosed by the underlying facts and circumstances. An important, if not a controlling guide in determining the intention of the parties is the purpose sought to be accomplished by them. Purpose is usually an unerring indication of intention. Under our statute, an attempted agreement between the parties that an instrument shall not operate as a mortgage but as an absolute conveyance, when wholly inconsistent with the surrounding facts and attendant circumstances, does not make absolute a conveyance given 'for the purpose or with the intention of securing the payment of money,' whatever may be the form of the conveyance, and the mere absence of defeasance does not alone determine the matter. Pittman v. Milton, 69 Fla. 304, 68 South. Rep. 658; Connor v. Connor, 59 Fla. 467, 52 South. Rep. 727; Willy-Gabbett Co. v. Williams, 53 Fla. 872, 42 South. Rep. 910; Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754. If, in view of all the circumstances, the transaction resolves itself into security for payment of

money, it is a mortgage. Elliott v. Connor, 63 Fla. 408, 58 South. Rep. 241, 11 C. J. 406."

It is conceded by counsel for the parties here that the burden of proof is upon the plaintiffs to establish the deed in question is a mortgage. The purpose of the deed and the intention of the parties are material. From all the facts and attending circumstances then and there controlling the parties was the deed in question executed and delivered for the purpose of conveying the fee simple title or was it given for the purpose of securing the payment of money? In the case of McKinney v. Gainey, 96 Fla. 547, 118 Sou. Rep. 917, this Court said: "The question of whether a deed is absolute in form is to be taken as a mortgage depends upon the intention of the parties in regard to it at the time of its execution. This may be ascertained from the paper itself, or the instrument in connection with contemporaneous writings or agreements concerning the subject matter, or by the aid of extraneous evidence which will determine the question. The attitude of the parties relative to the conveyance after its execution may also be considered." See Stovall v. Stokes, 94 Fla. 717, 115 Sou. Rep. 828.

In Holmberg v. Hardee, 90 Fla. 787, 108 Sou. Rep. 211, this Court said:

"A definitive test to determine whether an absolute deed, executed in consideration of a precedent debt, with an attendant agreement to reconvey the premises to the grantor on payment of the consideration, constitutes a mortgage or a conditional sale is found in the question, whether the debt was discharged by the deed or subsisted afterward. On the one hand, if the conveyance satisfied and extinguished the obligation, so that no debt remained due from the grantor to the grantee, it cannot be held a mortgage, since there cannot be a mortgage without something to be secured

by it. And in that case the grantor's privilege of refunding the consideration, and so entitling himself to a reconveyance, is not to be regarded as an equity of redemption, but is a badge of conditional sale." 27 CYC 1010; Holmes v. Warren, 145 Cal. 457, 78 Pac. Rep. 954; Carroll v. Tomlinson, 192 Ill. 398, 61 N. E. Rep. 484; Doying v. Chesebrough (N. J. Ch.) 36 Atl. 893; Blazy v. McLean, 129 N. Y. 44, 29 N. E. Rep. 6.

"A deed absolute on its face will not be construed as a mortgage where, after its execution, there remains no indebtedness from the grantor to the grantee." Doying v. Chesebrough, *supra*.

"If it is a debt which the grantor is bound to pay, which the grantee might collect by proper proceedings, and for which the deed of the land is to stand as security, the transaction is a mortgage, but if it is entirely optional with the grantor to pay the money and receive a reconveyance or not to do so, he has not the right of a mortgagor, but only a privilege of repurchasing the property. And if it appears that the deed was accepted in payment and satisfaction of an existing debt, the agreement for a reconveyance on payment of a given sum, cannot convert it into a mortgage." 27 CYC 1003; Reed v. Bonc, 96 Mich. 134, 55 N. W. Rep. 619; Gassett v. Bogk, 7 Mont. 585, 19 Pac. Rep. 281, 1 L. R. A. 240; Wood v. Jansen, 130 Cal. 200, 62 Pac. Rep. 673.

The intention of the parties to the deed can be determined by the deed, option or agreement to reconvey and other writings before the parties at the time; the conduct and attitude of the parties after the conveyance and whether the pre-existing debt was cancelled by the delivery of the deed. We find in the deed language throwing light on the intention of the parties, viz.: "As additional consideration for the

execution of these presents the grantors herein acknowledge receipt of a satisfaction of a certain mortgage dated October 15, 1930, recorded in Mortgage Book 453, page 98, in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, together with the return of the notes thereby secured marked cancelled,' and the grantors herein do hereby covenant that these presents constitute a deed absolute." It was shown in the testimony that the notes and mortgage and satisfaction thereof were delivered to the plaintiffs when the deed was given to the defendant by the plaintiffs. The option agreement to purchase by plaintiffs executed and delivered contemporaneously with the deed contained material clauses, viz.:

"(a) The sum of Fifty and no/100 ($50.00) Dollars per month, receipt whereof is hereby acknowledged, in full, said payment covering all considerations and all rent to January 1, 1934. In lieu of cash Lessor acknowledges receipt of an abstract covering said Lot One (1) of Block Six (6) to the value of One Hundred and No/100 ($100.00) Dollars and a deed to said property thereby avoiding foreclosure to the value of Five Hundred and no/100 ($500.00) Dollars." * * *

"2. That Lessees, upon full compliance with the terms hereof for the complete term hereby created, may, on or before January 1, 1934, exercise the option, hereby given, to purchase the above described property on the following terms and conditions:

(a) Total purchase price Nine Thousand Six Hundred Ninety and no/100 ($9,690.00) Dollars, plus a sum equal to the amount of all State and County and City Taxes (and interest thereon) for the years 1930, 1931, 1932 and 1933; payable one-fifth, or more of said total, in cash, and the balance to bear interest at 8% per annum, and payable in

eight (8) equal semiannual payments; Lessor to convey said property by a good and sufficient warranty deed, taking back a first mortgage to secure the balance of the purchase price evidenced by notes, with a thirty (30) day acceleration clause, payable as above stated.

"(b) In the event such option is exercised, Lessees will be given credit for interest on Nine Thousand and Sixty-two and no/100 ($9,062.00) Dollars, for such time as remains between the date of closing and January 1, 1934; and credit said purchase price for such of 1932 and 1933 taxes as have not been paid."

An affidavit signed by the plaintiffs when the deed was delivered contained language, viz.:

"First: That they are the identical parties who executed and delivered the foregoing lease as lessees, and also, that certain warranty deed of even date therewith, conveying the same property covered by said lease to Belva E. Morris.

"Second: That the aforesaid deed was an absolute conveyance of the title to said property to the grantee therein named in effect as well as in form and was not and is not now intended as a mortgage, trust conveyance, or security of any kind; that the consideration for said deed was $500.00, exactly as recited in the foregoing lease, that the only claim they have remaining in and to said property whatsoever is exactly as the foregoing lease purports; that on or by January 1, 1934, if they have not exercised the option to purchase as set forth in said lease agreement, or if they have not made further arrangements for a rental of said property, they will vacate the same; that upon their failure to so vacate they will be subject to removal in accordance with law relating to recovery of possession from tenants.

"THIRD: That deponents in executing the aforesaid deed to the grantee therein were acting upon the advice of counsel and not under any misapprehension as to the effect thereof.

"Mamie M. B. Maddox,<br>"Mattie S. B. Williams."

Likewise language in an agreement signed by the parties wherein application for a loan to the Home Owners Loan Corporation was to be made is as follows:

"* * * (2). It is the spirit and understanding of this agreement that the parties of the first part were the former owners of the property hereinbefore described, and this agreement is for the purpose of enabling the parties of the first part to repurchase the property herein described from the party of the second part; and this agreement shall not in any event be binding upon the parties hereto unless the Home Owners' Loan Corporation shall grant the loan hereinbefore referred to." * * *

"(7). That the party of the second part, upon the approval of the application for a Home Loan, as hereinbefore set forth, will by good and sufficient fee simple deed convey the property herein described to the parties of the first part upon the delivery of the first mortgage to the Home Owners' Loan Corporation and the delivery of the second mortgage to the party of the second part as hereinbefore set forth."

Attorneys Sisson and DeMarco represented the plaintiffs when the deed, repurchase agreement, affidavits, and ninety days extension agreement were signed. Attorney Farrior represented the defendant in the transaction. Attorney Sisson testified: "The mortgage indebtedness was—I do not know whether you would call it paid or not but the deed was given for the mortgage indebtedness and the note

held with the original mortgage that the original mortgage secured were returned to the Brumicks." "Q. There was no further debt owing to Mrs. Morris? A. No, sir, they were returned. Q. Was there any other debt owing to Mrs. Morris? A. No sir, they were returned. Q. Was there any other debt of any kind? A. No sir, not that I know of. Q. Didn't you know there was no further indebtedness? A. There was no mortgage indebtedness. Q. Was there anything else in connection with this matter? A. No. Q. They paid it in full? A. Yes, by giving deeds." John DeMarco testified: "The Brumicks did not come to see me about redeeming the property but were over to see me about getting a loan. The agreement of lease was given at the time and in consideration of the deed. The indebtedness up to the present time has not been paid off. There was no force, compulsion or undue influence exerted against the Brumicks about signing the deed. After they deeded the property to Mrs. Morris I tried to help them get a loan from the Government. I examined the deed. They (Brumicks) knew after the giving of the deed they did not owe Mrs. Morris any more money." Witnesses gave opinion as to the market value of the property described in the deed.

It is contended that defendant charged plaintiffs a rate of interest prohibited by law and cites Sections 6936-6937 C. G. L. as authority for the unlawful charge with Mason v. Cunningham, 111 Fla. 200, 149 Sou. Rep. 331; Hopkins v. Otto, 118 Fla. 865, 160 Sou. Rep. 203. Opposing counsel cites Wilson v. Connor-Knight Const. Co., 106 Fla. 6, 142 Sou. Rep. 606, to the effect that a person willfully violating the usury law must forfeit the entire interest charged or contracted for and must in addition double the amount of interest which has been reserved and decreed a penalty.

See Sherman v. Myers, 108 Fla. 129; 146 Sou. Rep. 213; Ceraola v. Smith, 112 Fla. 399, 150 Sou. Rep. 611. In Mason v. Cunningham, *supra,* the reservation of a broker's commission did not make the transaction usurious. This was so held even though the broker acts for the lender. In the case of Wicker v. Trust Co. of Florida, 108 Fla. 411, 147 Sou. Rep. 586, text p. 587, it was said: "And he who alleges it (usury) as a defense to avoid or defeat an obligation to pay money must establish his charge by clear and satisfactory evidence."

The record shows that attorney Carlton handled or closed the loan in question for Mrs. Morris. The negotiations leading up to the loan were handled by one of the plaintiffs and a representative for Mrs. Morris. There is nothing in the record to the effect that Mrs. Morris charged a rate of interest prohibited by law. It is true that a certificate of deposit issued by the Citizens National Bank in the sum of $1250.00 was a part of the $7,250.00—some payments were made on the certificate and from this it is assumed that the defendant willfully and intentionally charged a rate of interest prohibited by law.

If the heavy penalty is to be imposed for reserving or willfully charging a rate of interest unauthorized, it certainly must be brought within the rule of clear and satisfactory evidence. The note was for $7,250.00 due five years after date and the interest matured semi-annually, and was evidenced by ten promissory notes for the sum of $290.00 each. The record shows the mortgagors paid three of the interest notes and no payments on the original note of $7,250.00. The plaintiffs accounted for the expenditure of these moneys but definite proof was never made to the effect that some of the items were improperly charged to plaintiffs.

In Farrington v. Harrison, 95 Fla. 769, text p. 770, 116 Sou. Rep. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 Sou. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

Substantial justice having been awarded in the lower court, the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.