This appeal is from the final decree of the lower court holding that certain transactions involved in this litigation were mortgages rather than deeds of sale.
It is well settled in this jurisdiction that whether a deed absolute in form is to be taken as a mortgage depends on the parties' intention at the time of the execution. McKinney v. Gainey, 96 Fla. 547, 118 So. 917; Markell v. Hilpert, 140 Fla. 842, 192 So. 392; Marcus v. Hull, 142 Fla. 306, 195 So. 170. We are likewise committed to the rule that the findings of fact by a jury or by the court below will be sustained unless there is no substantial evidence to support them. Marcus v. Hull, supra, and cases therein cited; Smith v. Midcoast Inv. Co., 127 Fla. 455,173 So. 348; Nelson v. State, 156 Fla. 189, 23 So.2d 136.
In the proceedings had below, the cause was referred to a Special Master, who held 23 hearings during which 604 pages of testimony were taken and transcribed. The Master's findings of fact were affirmed by the trial court, and the deeds in question were decreed to be mortgages. Upon a careful consideration of the complete record in this cause, we find that there was ample evidence to support the findings of fact of the Master and the final decree of the lower court.
The appellant has also complained here of the ruling of the Special Master admitting in evidence testimony of other similar transactions between the appellant and other persons not parties to the transactions here in question, which ruling was affirmed by the lower court in its final decree. The lower court found that there was no error in such ruling, but that, even if there was error, it was harmless, as the remaining evidence amply supported the finding that the transactions in question were mortgages and not deeds. We find no error in this respect.
There being no error, the decree is affirmed.
ADAMS, C.J., and TERRELL and SEBRING, JJ., concur. *Page 443