DAYTON, Associate Justice.
This is the second appearance of this case in this Court. In the previous decision, Forbes, v. Auerbach, Fla., 56 So.2d 895, the opinion of the late Mr. Justice Chapman well stated the principles of law applicable in this case.
Following the order for a new trial entered by this Court on the former appeal the case was again submitted to the same Circuit Judge for a new trial. Trial by jury was waived by the parties and the trial judge sat as both judge and jury. At the close of the trial the Circuit Judge rendered a verdict and final judgment for defendant from which this appeal is taken.
In the present appeal this Court has carefully examined the record to determine with what degree of propriety the trial judge applied the principles of law announced in the former decision to the evidence taken at the second trial, and whether there is substantial evidence in the record to support his findings. Smith v. Biscayne Park Estates, Inc., Fla., 42 So.2d 442.
Briefly, the salient facts developed at the trial are that plaintiffs, appellants here, were engaged in the lumber business in Miami and defendant, appellee here, was President and owner of 98% of the stock in Emancipator Boat Company, Inc. Plaintiffs, largely through the efforts of plaintiff Forbes, who, incidentally, seems to have disappeared as he did not testify at either trial, sold to Emancipator Boat Company, Inc., approximately $9,000 worth of lumber on open account. This suit was brought by plaintiffs against defendant for the recovery of the value of lumber sold, alleging that plaintiffs relied upon false representations as to credit made by defendant to plaintiffs, and upon a statement of Dun & Bradstreet based upon alleged false figures given to Dun & Bradstreet by defendant.
The plaintiff Fleenor testified that the account was opened without any credit investigation during June of 1948, and that his firm continued to sell Emancipator Boat Company, Inc., lumber on open account until the unpaid balance of the account reached approximately $5,000. As to why his firm sold so much lumber without investigation of the credit standing of the purchaser Mr. Fleenor testified, “ * * * I was probably a little hungry for business.”
Plaintiff Fleenor further testified that when the unpaid balance of the account reached the approximate figure of $5,000 he began to investigate the credit of the boat company and that he saw in the office of Lehman Lumber Company in Miami a *686 Dun & Bradstreet report of the credit rating of Emancipator Boat Company, Inc. Mr. Fleenor was unable to identify any single item appearing on the credit report on which it is alleged he relied, other than to say that he saw a figure in excess of $200,000 listed as capital and surplus.
The report dated March 29, 1948 which plaintiff testified he examined in the office of Lehman Lumber Company had been marked by Mr. Lehman upon its receipt in his office “C.O.D.”, as an instruction to his employees to deal with Emancipator Boat Company, Inc., on a cash on delivery basis only.
The testimony of witnesses who handled the transaction of the shipments of lumber for Emancipator Boat Company, Inc., after the account had reached $5,000 is that the lumber was delivered to the purchaser for storage in purchaser’s warehouse, and was to be paid for as used.
The alleged false statement of defendant Auerbach to Dun & Bradstreet was found by the trial judge to be due to a difference of opinion as to accounting procedures. The defendant had taken an unsecured note from the company in an amount equal to his capital investment, but no payment had been made on the note, nor did defendant receive anything on the note or any part of the assets of the boat company in the subsequent bankruptcy proceedings. The sum of $200,000 was listed as capital and surplus rather than as a loan. The trial judge further found that the statement of defendant Auerbach to Dun & Bradstreet was substantially correct, and was the kind of statement a nonaccount-ant would make, and so far as plaintiffs or creditors are concerned was meaningless. The trial judge further found that the statement was made by the defendant in good faith, and without any intention to mislead anybody.
With the findings of the trial judge we are inclined to agree. The record, in the opinion of this Court, contains substantial evidence to support his findings. The conflicts in the testimony of the witnesses were resolved by the trial judge, who sat as the trier of facts, and we observe that his findings are supported by substantial evidence from the record taken as a whole.
The finding of the trial judge that plaintiffs had failed to prove by a fair preponderance of evidence the necessary element of fraud and deceit, Forbes v. Auerbach, supra, Mizell v. Upchurch, 46 Fla. 443, 35 So. 9, is amply supported by substantial evidence in the record. The judgment, therefore, is affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.