SWANN, Judge
(dissenting).
The majority opinion has reversed a summary final decree in favor of the plaintiff, Di Costanzo, and quieted title in the defendant-counterclaimant, Hadjes. In so doing, the majority has taken a properly executed, previously recorded warranty deed and relegated it to the status of a mortgage, at best, so that title could be quieted in Hadjes, who had constructive notice of the prior deed, and who admitted to having had no dealings with the corporate grantor, admitted to having never paid the taxes on the property, and admitted to having ceased to purchase land more than two and a half years before the execution of the deed under which he claims. This hardly seems equitable, particularly since in view of the admissions by Hadjes above, it would appear that the instrument he claimed under would itself be entitled to no more weight than a mortgage.
Although it has frequently been held in actions between grantor and grantee, or debtor and creditor, that any doubt as to the true nature of an instrument should be resolved in favor of construction as a mortgage rather than an absolute deed,[1] I believe that a stricter rule must be applied to quiet title actions between a stranger-conveyee, taking with notice of a prior recorded deed, and the original grantee (here, Di Costanzo). I believe that a strong presumption arises that the nature of the transaction was that which the instrument itself purports to indicate, to-wit: an absolute deed. Parenthetically, the trustee for the corporate grantor has chosen not to defend this action by allowing a decree pro confesso to be entered against it.
It is my view that a stranger seeking to have a prior recorded warranty deed construed as a mortgage must sustain a heavier burden of proof to rebut this presumption than a mere preponderance required in most civil litigation:
******
“In construing as mortgages instruments absolute in form, matters of proof are of paramount importance. Generally, the burden of showing that the transaction was a mortgage rests on the party maintaining that this was the intention. Since there is a strong presumption that the parties intended just what the instrument purports to be i. e., an absolute conveyance, and since there is an obvious temptation to false swearing, there is a heavier burden of proof to establish the instrument as a mortgage than that which exists in most civil litigation. Generally, the evidence must be clear, convincing or substantial.” [2]
******
On the basis of the record before us, I believe that Hadjes has failed to meet this burden and consequently has failed to rebut the presumption. At the most, Hadjes might be entitled to have the cause remand *608 ed so that further evidence may be introduced, if there is any, and a full evidentiary hearing may be held. He has not asked that the cause be remanded for further proceedings, however. He argues that he is entitled to a final decree as a matter of law on the record as it now stands. I cannot agree,
The essential facts now before us show that on May 16, 19S8 Richards Land Development Corporation, by its president, Berk-owitz, conveyed by warranty deed the land here in dispute to Nicholas Di Costanzo, as trustee. This warranty deed was properly recorded in the Public Records of -Dade County, Florida, on May 28, 1958.
On May 16, 1958 Di Costanzo, as trustee, signed a declaration of trust for the benefit of Casino de Capri, S. A., a Cuban corporation (not a party to this action). Following the signature of Di Costanzo, as trustee, there was a separate paragraph entitled “acceptance of the terms and conditions of the declaration,” with a line for the signature of Casino de Capri, S. A., by its proper officer. This “acceptance of the terms and conditions of declaration” was .not executed and there is no evidence that the declaration of trust was ever recorded. Subsequently, on September 24, 1959, Casino de Capri executed a quit claim deed back to Di Costanzo and he then conveyed from himself, as trustee, to himself, individually, on July 9, 1965. Both instruments were recorded on July 12, 1965 in Dade County, Florida.
In the meantime, on August 21, 1958, after conveying to Di Costanzo as trustee, Richards Land Development Corporation, by its president, Berkowitz, conveyed the land here in question by warranty deed, for the second time, to Nissim Hadjes, Inc. This deed was recorded September 29, 1958 in Dade County, Florida.
As between Di Costanzo and Hadjes, Di Costanzo is entitled to the strong presumption that the duly executed warranty deed represents the true intention of the convey- or at the time the deed was executed and recorded. Furthermore, it is not disputed that Di Costanzo paid the taxes on the property. This, as the majority acknowledges, tends to favor construction as a deed, rather than as a mortgage.
Hadjes claims to have lost the papers relating to the closing of his transaction, even though the nature of his corporation’s business since 1944 had been to “lend, buy, sell, invest.” Hadjes said that he dealt only with Berkowitz individually and did not know anything about Richards Land Development Corporation, the corporate grant- or under which he claims. He also stated that he had ceased to purchase land more than two and a half years prior to the execution of the deed under which he claims title, and only loaned money after that.
Hadjes’ deposition shows that, although he had. purchased land on numerous other occasions and had been represented by attorneys in the past, he had no abstract prepared on this property and had no attorney represent him in this matter.
Section 689.07, Florida Statutes, F.S.A., provides, in essence, that a deed such as the one to Di Costanzo, as trustee, conveys fee simple title to the land with full power and authority in the grantee to sell, convey or grant the legal and beneficial interest in the land conveyed, unless a contrary intention appears in the deed, or unless there appears of record at the time of recording such deed a declaration of trust by the grantee, declaring the purposes of such trust. It would appear, then, that under the provisions of this statute, Di Costanzo was vested with fee simple title to this land.
While Di Costanzo’s deposition was not altogether precise, it appears that the sum Di Costanzo advanced was apparently equal in amount to that which Berkowitz had invested in the land and Berkowitz ceased to make any payments to Di Costanzo after the execution of the deed. A deed absolute on its face will not be construed as a mortgage where, after its execution, there re *609 mains no indebtedness from the grantor to the grantee.[3]
27 Fla.Jur., Quieting Title, § 26, states:
“A suit to quiet title may not be defeated by showing that the complainant’s claim or interest, otherwise sufficient to support the complaint, is subject to possible superior rights in third persons who are not parties to the suit. Nor can the suit be defeated by showing that the title under which both parties claim is defective. It is enough that the interest asserted by the complainant is superior to that of those who are parties defendant. In the event that he claims from a common source, the complainant must show that he has a better title from that source, but need not trace his title further than such common source.”
* * * * * *
Under Section 695.01, Florida Statutes, F.S.A., Hadjes would have constructive notice of the recorded warranty deed, dated May 16, 1958, to Di Costanzo, as trustee, and would have been on notice under Section 689.07 that the deed conveyed the fee simple title to Di Costanzo because no contrary intention appeared therein, and because there was not of record at the time of recording of that deed a declaration of trust declaring the purposes of the trust.
Both parties herein derive title from Richards Land Development Corporation. It appears to me that the recorded title of Di Costanzo must be construed as superior to that of the appellee. I believe that the holding of the majority is unjust and inequitable in that it permits the conveyee of a deed of a section of land in Dade County, Florida to obtain the entire section subject only to a possible mortgage of $5,000 when it affirmatively appears that the conveyee had constructive notice of a prior superior title; and furthermore, that he later had actual notice of the prior deed for approximately one and one half years, but failed to take any action to resolve the question of his alleged ownership until such time as Di Costanzo initiated this quiet title suit.
I am of the opinion that as between the two parties herein seeking to quiet title, equity and justice would best be served in affirming the final decree heretofore entered by the chancellor in this cause.

. See e. g. McLendon v. Davis, Fla.App. 1961, 131 So.2d 765; Marcus v. Hall, 142 Fla. 306, 195 So. 170 (1940).

. 2 Boyer, Florida Heal Estate Transactions, § 32.02, at p. 1005 (1966). See also: Powell, Real Property, § 447, at p. 598 (1900).

. Brumick v. Morris, 131 Fla. 46, 178 So. 564 (1938).