A. D. BENTON v. W. C. WILKINS.

159 So. 518.
Division B.
Opinion Filed February 25, 1935.
Petition for Rehearing Denied March 12, 1935.

*Philip C. Gorman* and *Truman G. Futch,* for Appellant; *Wells & Hall* and *A. S. Herlong,* for Appellee.

BUFORD, J.—The appeal is from a decree of foreclosure.

The contention of appellant is that the decree should have been in favor of the defendant on the theory that the defendant's defense of usury had been sutained by proof and that the mortgage should have been cancelled and the defendant should have had a decree against the complainant for double the amount of interest reserved and paid to the plaintiff.

The defense was timely made and was the issue tried by the chancellor. There was substantial evidence supporting the defendant's contention, but there was also ample substantial evidence to warrant the chancellor in finding in favor of complainant.

It is well settled in this jurisdiction that where the appeal is based on a question of fact in a chancery case, the findings of fact by the chancellor will not be disturbed on appeal where not clearly erroneous or where they did not proceed from consideration of the evidence in light of inapplicable principles of law. Wicker v. Trust Co. of Fla., 109 Fla.

411, 147 Sou. 586; Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. 792, and cases there cited. In the final decree the chancellor says: "The court is of the opinion that the defense of usury has not been sutained or proved." Where usury is interposed as the defense to avoid or to defeat an obligation to pay money, such defense must be established by clear and satisfactory evidence. Wicker v. Trust Co. of Fla., *supra,* 27 R. C. L. 268.

In observance of the foregoing enunciation, the decree should be affirmed.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—I concur in the opinion and result, but think that some special comment is due in commendation of the very excellent manner in which the counsel for appellant has caused the transcript of the record to be prepared and indexed. A properly prepared transcript of the record is an invaluable asset to the presentation and consideration of an appeal. An index of the contents of such record, such as was adopted and used in this case, is of incalculable value in conserving the time of the judges who are called on to inspect it in connection with their study of the case. I make this observation because I think an expression of special commendation for the excellent transcript in this particular case is warranted.