67 So.2d 643 (1953)
HAUER et al.
v.
THUM.
Supreme Court of Florida. Special Division B.
October 16, 1953.
Rosin & Paderewski, Sarasota, for petitioners.
Dye & Dye, Bradenton, and George H. Harrison, Palmetta, for respondent.
HOBSON, Justice.
Respondent, Elmer A. Thum, a contractor, filed his complaint on the equity side of the Circuit Court in and for Manatee County against the petitioners Eugene M. Hauer and Julia Hauer, his wife, et al. He seeks the foreclosure of a claim for lien as provided by Chapter 84, Florida Statutes 1951, F.S.A., against real property owned by petitioners upon which Thum had constructed a dwelling house pursuant to a contract which he alleges was entered into between himself as contractor and the Hauers. The complaint states that Thum completed the work under the contract and that there remains due and unpaid the sum of $8840. The contract price is alleged to have been $16,870.
The petitioners herein filed an answer which was attacked by a motion to strike a certain portion of paragraph 1 thereof. The motion to strike was directed to all of paragraph 1 beginning with the word "but" which word follows immediately *644 after the admission by the Hauers that a written contract as alleged in the complaint was entered into. The portion of paragraph 1 of the answer which was challenged as not constituting a defense because it is an attempt to vary the terms of an unambiguous written agreement follows:
"* * * but allege that the written contract was not the true contract between the parties, and that the true contract between the parties was an oral agreement under the terms of which for the sum of Thirteen Thousand ($13,000.00) Dollars the Plaintiff was to construct for the Defendants a dwelling house. The written contract set out by the Plaintiff was entered into solely for the purpose of avoiding the terms of the then in effect regulation X, a Federal regulation which governed the amount of money which could be loaned for the construction of houses. Defendants had tried unsuccessfully to obtain the amount of money they were desirous of borrowing, which said sum of money was far in excess of the amount allowed by regulation X, based on a Thirteen Thousand Dollar construction cost. Defendants were desirous of building their house for only a small down payment. The plaintiff herein, defendants' building contractor, suggested that Plaintiff and defendants enter into a written contract whereby the actual construction figure agreed on between them, to-wit: Thirteen Thousand Dollars ($13,000.00) be puffed up or exaggerated to a sum, based on which defendants could obtain the amount of money they were desirous of borrowing, the understanding being that the parties were not to be bound by the written agreement, and that it was entered into solely and only to deceive the Bank and circumvent regulation X in order to obtain a loan which would approximate the construction cost of the building. In accordance with this suggestion the written agreement, referred to in Paragraph 1 of Plaintiff's Bill of Complaint, was entered into, and the figure therein was submitted to the Bank as the actual construction costs for the purpose of obtaining a loan; that the plaintiff herein was the instigator of the transaction, and it was the intention of the parties when they entered into the written agreement that they were not to be bound by the terms thereof, but on the contrary were to be bound by the terms of their oral agreement in which the agreed construction price was Thirteen Thousand ($13,000.00) Dollars. Defendants further allege that as a result of the foregoing Plaintiff has come into equity with unclean hands and should be denied the relief he seeks."
The Chancellor, after hearing arguments of counsel, granted the motion to strike and allowed Mr. and Mrs. Hauer 15 days within which to file an amended answer. This order was entered on June 12, 1953, and is the one which petitioners seek to have this Court review by certiorari as provided by 30 F.S.A. Supreme Court Rule 34.
Petitioners contend that the lower court erred in granting the motion to strike because the matters and things averred in the stricken portion of their answer demonstrate that respondent herein did not come into equity with clean hands. They argue that the rule which forbids the introduction of parol evidence to contradict, add to, or vary the terms of a written instrument does not extend to evidence offered to show that a contract was made in furtherance of objects forbidden by statute, by the common law or by the general policy of the law. They rely upon our decision in Wicker v. Trust Company of Florida, 109 Fla. 411, 147 So. 586, as well as several cases from other jurisdictions. They hold the view that the allegations in their answer which were stricken show that the contract between themselves and Mr. Thum was illegal or part of an illegal transaction. They base their contention upon Regulation X of the Board of Governors of the Federal Reserve System relating to Real Estate *645 Credit. They state that the written instrument upon which respondent relies was entered into for the sole purpose of deceiving the bank and of avoiding Regulation X to the end that petitioners might obtain a loan which would approximate the construction cost of the building.
Counsel for respondents rely upon the legal principle that parol evidence will not be admitted to contradict, add to, or vary the terms of an unambiguous written instrument. This principle is too firmly established to admit of contradiction but this is not to say that the question presented herein is concluded by the application of such legal principle. Counsel further direct our attention to the fact that Regulation X expressly provides "Nothing in this regulation shall affect the enforceability of any contract." (Subparagraph "O" Sec. 6 Miscellaneous Provisions, page 20.) They contend that the above quoted provision demonstrates clearly that petitioners are not justified in relying upon Regulation X. With this contention we are compelled to agree. However, we are not inclined to subscribe to the learned Chancellor's conclusion that the portion of paragraph 1 of the answer of petitioners which was stricken, presented no matters for equitable consideration.
The averments in that portion of the answer which was stricken, if true, disclose the fact that Thum instigated, and he and the petitioners perpetrated, a fraud upon the lending agency. For this reason we believe that a court of equity should take testimony and make findings of fact upon the question whether the building contract was actually prepared and executed pursuant to a conspiracy to defraud the bank. If the proof should sustain the averments of the answer no other conclusion could be reached than that Elmer A. Thum did not come into a court of equity with clean hands. It would matter not that the Hauers were parties to the fraudulent transaction nor that the fraud was perpetrated upon a third party. Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381; Selz v. Unna, 6 Wall. 327, 18 L.Ed. 799; Picture Plays Theatre Co. v. Williams, 75 Fla. 556, 78 So. 674, 1 A.L.R. 1; 19 Am.Jur., Equity, Sec. 469; 30 C.J.S., Equity, § 95 (b) page 484.
As heretofore observed, if the averments of the answer be true the written instrument upon which Thum relies as a basis for equitable relief was conceived by him and entered into by all parties for a fraudulent purpose and, although it cannot be held to be illegal and void, equity can and should refuse to lend its aid to an actor whose hands are thus shown to be unclean.
The equitable maxim, "He who comes into equity must come with clean hands," unlike the maxim, "Equity follows the law," has always enjoyed the dignity of a general principle. A Chancellor in every case should proceed with caution upon the creation of the issue of unclean hands on the part of one who solicits the assistance of a court of conscience. We do not mean to suggest that if the evidence should justify a finding that Thum came into equity with unclean hands, and should dictate a dismissal of his complaint, he might not sue at law upon the contract or upon quantum meruit. In such a situation the equity court would simply dismiss the equitable action and leave the parties where it found them. The Chancellor might transfer the cause to the law side of the circuit court if the amount involved should be sufficient to vest that court with jurisdiction. However, if for any reason the case were not so transferred the doctrine of res judicata could not be invoked to defeat an action at law if one were subsequently instituted by Elmer A. Thum because the only question which the equity court would have been called upon to decide is whether equity should refuse to lend its aid to an actor charged with having come into an equity court with unclean hands.
The Chancellor might see fit to sever the issues and try initially the one of unclean hands. Of course, if such issue *646 should be decided in favor of respondent Thum the cause would proceed upon its merits.
For the reasons stated, we have concluded that we should grant the petition for writ of certiorari and direct that the order under attack herein be quashed.
It is so ordered.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.