166 So.2d 458 (1964)
ATLAS SUBSIDIARIES OF FLORIDA, INC., a Florida corporation, and Atlas Credit Corporation, a foreign corporation, Appellants,
v.
O. & O. INC., a corporation, and Joseph D. Osterhuber and Mae Osterhuber, his wife, Appellees.
No. E-486.
District Court of Appeal of Florida. First District.
July 2, 1964.
Rehearing Denied July 23, 1964.
*459 Adams, Rothstein & Siegel, Jacksonville, for appellants.
Thos. J. Shave, Jr., Fernandina Beach, and Albert M. Crabtree, Jacksonville, for appellees.
STURGIS, Chief Judge.
The appellants seek reversal of a final decree which sustained appellees' charge of usury and on that ground forfeited all sums payable for principal and interest of a promissory note, cancelled the lien of a mortgage purporting to secure same, and entered judgment against appellants for a sum representing the total amount of payments made by appellees under the void note and mortgage, and also assessed against appellants the costs of suit.
The final decree herein reads in pertinent part as follows:
"Upon consideration of the evidence and the applicable law, including the memorandum submitted by defendants, and after hearing the oral arguments of counsel, the court finds that it has been proved by a preponderance of evidence that the defendants Atlas Subsidiaries of Florida, Inc., a Florida corporation, and Atlas Credit Corporation, a foreign corporation, on September 4, 1962 made a loan of $11,000 which, while ostensibly and in form a loan to the plaintiff corporation O. & O. Inc., was actually made to the individual plaintiffs, Joseph D. Osterhuber and Mae Osterhuber, his wife. That loan was evidenced by a mortgage note for the face amount of $16,800 with annual interest thereon at the rate of six per cent. The individual plaintiffs were required by the defendants as a condition of making the loan to guarantee the payment of the mortgage note, which they did by endorsement in writing. That corporation was formed and incorporated under the laws of Florida, at the insistence of the defendant and as a prerequisite to their making of the loan, as a sham contrivance or device, for the purpose of evading the provisions of Chapter 687 of the Florida Statutes by charging and collecting a rate of interest greater than ten per cent. per annum. The rate of interest charged or accepted by the defendants on the sum of money loaned is greater than twenty-five per cent. per annum. The defendants wilfully intended to violate the provisions of Chapter 687 Florida Statutes and are subject therefore to the penalties prescribed by Section 687.07 thereof.
"The mortgage note is secured by a mortgage deed recorded in the Official Records of Nassau County, Florida in Book 28 at page 81, et seq.; and by a mortgage deed recorded in the Official Records of St. Lucie County, Florida, in Book 44 at page 603, et seq. The principal and interest of that note are repayable in monthly installments of $324.80, commencing October 5, 1962. *460 The plaintiffs paid the amounts due under that mortgage note for the months of October, November and December, 1962.
"Therefore, it is ORDERED, ADJUDGED AND DECREED that:
"1. The equities of this cause are with the plaintiffs and against the defendants.
"2. The counterclaim of the defendant, Atlas Subsidiaries of Florida, Inc., a corporation, is dismissed.
"3. The defendant, Atlas Subsidiaries of Florida, Inc., a corporation, shall forfeit the entire sum, both principal and interest, of the loan evidenced by the mortgage note executed and endorsed by plaintiffs; and the note and mortgage executed by the plaintiffs or any of them, to the defendant Atlas Subsidiaries of Florida, Inc., a corporation, hereinafter more fully described, are, therefore, void under Section 687.07 of the Florida Statutes.
"4. The lien of the mortgage recorded in Book 28 at page 81, et seq. of the Official Records of Nassau County, Florida and encumbering the real property immediately hereinafter described is cancelled and declared null and void upon the filing of this decree, to-wit:
[Description]
The lien of the mortgage recorded in Book 44 at page 603, et seq. of the Official Records of St. Lucie County, Florida, encumbering the real property immediately hereinafter described is cancelled and declared null and void upon the filing of a certified copy of this decree in the Official Records of St. Lucie County, Florida, to-wit:
[Description]
"5. The plaintiffs shall have and recover from the defendants the sum of $974.40, being the total amount of the payments made by them to the defendants under the void note and mortgages, together with their costs in this action expended, taxed at $50.50, for which let execution issue."
Appellants first contend that the trial court did not exact of appellees the standard of proof required to establish the charge of usury, i.e., clear and satisfactory evidence, citing Shaffran v. Holness, 102 So.2d 35 (Fla.App.); Brumick v. Morris, 131 Fla. 46, 178 So. 564, 569; Benton v. Wilkins, 118 Fla. 491, 159 So. 518; Wicker v. Trust Co. of Florida, 109 Fla. 411, 147 So. 586, 588. To support this premise appellants point only to the fact that the decree recites that usury was "proved by a preponderance of evidence." The court's use of that phrase does not produce the effect ascribed by appellants. Clear and satisfactory evidence is necessarily preponderant in character. It is a non sequitur to insist that the quoted phrase excludes the inference that the evidence was clear and convincing. Our examination of a transcript of the proceedings, including the testimony and exhibits, reveals that there is an abundance of clear and convincing evidence to support the decree.
Appellants next contend that the chancellor erred in admitting over objection a letter purportedly written by one Jerome J. Kurtz, an individual who  fluttering somewhat nebulously around the outskirts  according to appellants essayed the sole role of a helpmate for hire to appellees in negotiating for them the usurious loan in suit and directing the procedures by which it was consummated. The subject letter was apparently in reply to a letter from the party to whom it was sent and as such was receivable in evidence in the context in which it was presented in this case. Appellants' contention is without merit.
Appellants next contend that an error occurred on the part of one Cohen, *461 an officer and attorney of the lending corporation who handled and passed on the validity of the subject loan, in that he assumed (contrary to the clear recitation of the mortgage) that the borrower was a New Jersey corporation rather than a Florida corporation and approved the loan as lawful on that mistaken premise. It is conceded that the laws of New Jersey do not restrict the rate of interest a corporation may validly pay. Cases cited by appellants in this context stand primarily for the rule that in criminal prosecutions for usury intent is an important element. Moreover, mistake does not in itself negate intent. See Carr v. Cole, 119 Fla. 260, 161 So. 392, in which the Florida Supreme Court held that immunity cannot rest on the fact that counsel had advised the usurious lender that the transaction was not violative of the statute. Since this is not a criminal case, we need not speculate on whether Mr. Cohen acted mistakenly or otherwise.
Appellants also contend that the chancellor erred in finding that the subject loan was actually made to the individual plaintiffs, rather than the plaintiff corporation which was found to have been "formed and incorporated * * * at the insistence of the defendant and as a prerequisite to their making of the loan, as a sham contrivance or device," for the purpose of evading the provisions of Florida law relating to the maximum interest rate chargeable. That sham contrivance and device has so frequently been used in this state as to be an old acquaintance of those dealing in the lending arts. The pattern followed in this case is typical of a long-existing practice on the part of scheming moneylenders who set out to flaunt the usury laws of the state on a magnificent scale. Stripping the instant transaction of its trappings, we dispose of appellants' contention that the real architect of the transaction was Kurtz, appellees' so-called agent, by pointing to the fact that the chancellor did not agree with that contention and by announcing that we agree with the chancellor.
Appellants further insist that the promissory note evidencing the loan, though executed in Florida and secured by a mortgage on Florida property, was made payable at appellant's home office in Pennsylvania and that the transaction is therefore governed by the laws of that state, in which the interest exacted is not unlawful. It is the general rule that unless otherwise provided or clearly inferred, a note executed in one place and made payable in another is governed by the law of the place at which it is payable, it being presumed that the parties contracted with reference to the law of that place. This is a correct statement of the rule, and it is not changed by the fact that a mortgage given as security includes land in another state, or that the maker lived and intended to use the proceeds in the latter state. It is derived from the presumption that parties will be presumed to have contracted with reference to the law of the place where the transaction would be valid rather than with reference to the law of a place where it would be illegal and usurious. Appellants point to the fact that the authorities are in agreement that the place where the obligation is payable must have some connection with the transaction, and insist that such connection is present in this case because Atlas Subsidiaries of Florida, Inc., a Florida corporation, had its office in Pennsylvania and was a wholly-owned subsidiary of a Pennsylvania corporation. We do not agree with that premise. The father should not be permitted to disavow his resemblance to the child by clothing him with foreign garments. Moreover, the promissory note in suit specifically provides that it is to be construed according to the laws of Florida.
Other points relied on by appellants are found to be without merit.
Finding no error, the decree appealed is
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.