181 So.2d 701 (1966)
Soi M. ROSS and Elaine Ross, Appellants,
v.
Eugene M. WHITMAN, Appellee.
No. 65-300.
District Court of Appeal of Florida. Third District.
January 11, 1966.
Rehearing Denied February 2, 1966.
*702 Daniel G. Satin, Miami, for appellants.
Joseph M. Fitzgerald and Thomas A. Horkan, Jr., Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
The appellee Eugene N. Whitman filed an action in the circuit court in Dade County on two promissory notes made to him by the appellants. The latter, the defendants below, pleaded usury. Trial without a jury resulted in a holding that the notes were not usurious, and judgment was entered in favor of the plaintiff for the principal with 6% interest. Thereupon the defendants appealed.
The two notes evidenced cash loans by the plaintiff Whitman to the defendant Sol M. Ross. The first note, for $6,000, made on February 14, 1956, contained a promise to pay the principal sum three years after date, "with interest." That printed form note had no space or blank for insertion of a rate of interest, and none was stated. The second note, for $5,000, was dated January 14, 1957, and contained a promise to pay the principal three years after date. That second note was drawn on a form customarily used in Florida which contained the following printed provision as to the payment of interest: "With interest thereon at the rate of  per cent, per annum, from  date  until fully paid. Interests payable semiannually."
The defendants averred that at the time the loans were made the lender, Whitman, demanded interest at the rate of 15% per annum and the borrower agreed to proceed on that basis; that pursuant to such agreement the borrower paid interest thereon semi-annually at the rate of 15% per annum; and that said interest was in excess of the amount lawfully permitted under the Florida Usury Statutes[1]; and defendants counterclaimed for affirmative relief by reason thereof.[2]
*703 Notwithstanding the fact that the record clearly established that the parties understood that 15% per annum would be paid in interest on the loan[3], and that interest was paid thereon semi-annually at the rate of 15% per annum before the principal matured[4], the trial court was of the opinion that the plaintiff was not guilty of "wilfully violating the provisions of § 687.03 [Fla. Stat., F.S.A.] and was without any corrupt or illegal intent, and was an innocent party in this transaction, and is therefore not subject to any of the penalties provided in § 687.04 F.S.A." In so holding the trial court was in error and we reverse.
The fact that the suggestion of the usurious rate of interest may have emanated from the borrower did not absolve the lender where the amount or rate of interest thus charged and received was usurious. Lee Const. Corp. v. Newman, Fla.App. 1862, 143 So.2d 222. The trial court appears to have attached importance to the feature that there was no written provision for payment of interest at a rate in excess of 10% per annum. But an agreement for or a charging of usurious interest can be established by parol evidence. Wicker v. Trust Co. of Florida, 109 Fla. 411, 147 So. 586, 588. The lender's professed ignorance of the laws of usury did not render lawful his knowing and intentional acceptance of usurious interest. Shorr v. Skafte, Fla. 1956, 90 So.2d 604, 607. The wilfull violation mentioned in the statute, and corrupt intent as referred to in the decisions, consists of knowingly and intentionally charging or accepting interest at a higher rate than the law allows. Shorr v. Skafte, supra, Jones v. Hammock, 131 Fla. 321, 179 So. 674; Shaffran v. Holness, Fla.App. 1958, 102 So.2d 35, 39.
The making of the loans following discussion of 15% interest, and the payment of such interest semi-annually thereafter clearly established the knowing and intentional charging and acceptance of interest in excess of 10% per annum. The loan was usurious, and having pleaded usury the borrower was entitled to forfeiture of the interest, under § 687.03 Fla. Stat., F.S.A., and double the amount of the usurious interest which was paid, under § 687.04.
Accordingly the judgment is reversed, and the cause remanded with directions to revise the judgment to exclude the allowance of interest and to reduce the principal by double the amount of interest paid.
Reversed and remanded with directions.
NOTES
[1] § 687.03 Fla. Stat., F.S.A. provides that it is unlawful "to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, except upon an obligation of a corporation, a rate of interest greater than ten per cent per annum, either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten per cent; and such transactions with the corporation shall, whereby the corporation pays interest, be usury and unlawful if for a rate of interest greater than fifteen per cent per annum."
[2] § 687.04 Fla. Stat., F.S.A. provides that any person wilfully violating the provisions of § 687.03 "shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, whether at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person, who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted in any way, double the amount of interest so reserved, taken or exacted" (with an exception not applicable here).
[3] The trial court found that in seeking the loan the borrower advised the lender he would pay 15%. On the first note, dated February 14, 1956, payable three years after date, a semi-annual interest payment, if one were to be made, fell due on August 14, 1956. The record discloses a letter written by the lender to the borrower on September 7, 1956, in which the lender stated: "By the way, since I am sure it is an oversight but on Aug. 14, $450 was due me from that loan." Interest thus requested, amounting to 15% per annum, was paid by the borrower to the lender. The record contains another letter from the lender requesting payment of certain overdue interest, in the same amount. Also there is disclosed a letter from the lender to the borrower following the advance of the second loan of $5,000 requesting that the borrower forward a note to evidence the same, with instructions to the borrower to "include in it the `agreed' rate of interest." The second note which was made and received subsequent to that request provided for payment of semi-annual interest with the "agreed" rate left blank.
[4] The record discloses two semi-annual interest payments on the first note, in the amount of $450 each (15% per annum) and, after the making of the second loan in 1957, certain semi-annual interest payments of $825 and $850, amounting to approximately 15% per annum on the two loans, prior to maturity of either note.