Patrick J. BARRY, Appellant,

v.

HIALEAH MIAMI SPRINGS MEDICAL
FUND, Appellee.

No. 94–1734–CIV.

United States District Court,
S.D. Florida.

July 24, 1995.

Marte V. Singerman, Tabas, Singerman &
Freedman, Miami, FL, for appellant.

James C. Blecke, Miami, FL, Reiser &
Allison, P.A., Miami, FL, for appellee.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF HIALEAH MIAMI SPRINGS MEDICAL FUND AND FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT

ARONOVITZ, District Judge.

The appellant, Patrick J. Barry, appeals from the Bankruptcy Court's Order Granting Final Summary Judgment in Favor of Hialeah Miami Springs Medical Fund and the Findings of Fact and Conclusions of Law Granting Final Summary Judgment in Favor of Hialeah Miami Springs Medical Fund (Cross-plaintiff) Against the Debtor, Patrick J. Barry (Cross-defendant) and Denying Cross-defendant's Motion for Summary Judgment. *In re Barry*, 170 B.R. 179 (Bankr.S.D.Fla.1994). This court heard oral argument on the merits of the appeal June 13, 1995.

### Factual and procedural background

Barry filed a chapter 7 petition in February 1992, listing among his assets ninety (90) shares as general partner in the appellee, Hialeah Miami Springs Medical Fund. The Fund, a general partnership of 117 doctors who developed Palmetto General Hospital, collects revenue paid on the sale of the hospital and distributes it to the partners. From May 1992 to November 1993, post-petition, the Fund paid Barry seven quarterly distributions totaling $88,200.[1]

---

1. The distributions were as follows: 5/92–$11,700; 8/92–$11,700; 11/92–$12,600; 1/93–$12,600; 5/93–$12,600; 8/93–$12,600; 11/93–$14,400.

In January 1993, after three post-petition distributions totaling $36,000 had been sent to Barry, the chapter 7 trustee notified the Fund of the bankruptcy and the trustee's duty to liquidate the shares. Despite contact with the trustee, the Fund continued to make the payments directly to Barry. The trustee brought an adversary action against Barry and the Fund for the post-petition payment of the distributions to the debtor rather than the trustee as property of the estate. The Fund filed a cross-claim against Barry. Barry settled with the trustee by turning over the three post-petition distributions made prior to the trustee's notification of bankruptcy. The court granted summary judgment against the Fund for the four payments made after the notification. The Fund then sought summary judgment on its cross-claim against Barry to recover the money owed the trustee.

The Bankruptcy Court found that the Fund continued to make distributions to Barry after receiving notice of the bankruptcy, because the Fund was under the mistaken impression that the trustee would direct otherwise if such were the case. The court also found that Barry misunderstood that the distributions should go to him and that he could retain them. Thus, the Bankruptcy Court granted Count III of the Fund's cross-claim for unjust enrichment, and Barry appealed.

## Discussion

■ The Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to de novo review. *Chase & Sanborn*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

■ A claim for unjust enrichment, also referred to as a claim for restitution, quasi-contract or an action for money had and received, is a creature of equity, governed by equitable principles. The Bankruptcy Court

did not abuse its discretion in granting this equitable relief.

Upon the commencement of a bankruptcy case, 11 U.S.C. § 541 creates an estate comprised of all legal or equitable interests of the debtor. That estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate ..." 11 U.S.C. § 541(a)(6). All property of the estate be turned over to the trustee. 11 U.S.C. § 542. The partnership shares and distributions were property of the estate.

■ Barry demonstrated no reason of law or fact that entitled him to retain those post-petition distributions. In Florida, where a recipient of money by mistake cannot show legal or equitable ground for retaining the money, it can be recovered. *Ferguson v. Cotler*, 382 So.2d 1315, 1316 (Fla. 5th DCA 1980). To permit Barry to retain the distributions would result in a windfall to him and a double obligation for the Fund.

Barry argues that the theory of unjust enrichment is not available to a plaintiff who made a mistake of law. He argues that the parties had correct knowledge of the facts, but arrived at an incorrect conclusion of law that the distributions were not property of the estate. Although governed by a rule of law, 11 U.S.C. § 541, the determination of whether a particular asset is "property of the estate" involves a question of fact. *See In re Thomas*, 883 F.2d 991, 995–7 (11th Cir.1989) (holding clearly erroneous bankruptcy court's conclusion that mobile home was property of the estate). The mutual mistake of Barry and the Fund that distributions should be paid to Barry was a mistake of fact. Nevertheless, this court finds no support for the proposition that unjust enrichment cannot apply to a mistake of law. *See Sun Coast International, Inc. v. Department of Business Regulation*, 596 So.2d 1118 (Fla. 1st DCA 1992).

Barry also argues that the Bankruptcy Court erroneously held that the doctrine of unclean hands did not bar the Fund from recovery. The Bankruptcy Court correctly cited *Faber v. Landman*, for the proposition that the "misconduct complained of must be connected with the matter in litigation and concern the opposite party." 123 So.2d 405,

407 (Fla. 2d DCA 1960). The *Faber* court continued, however, that "there is no bar to apply the doctrine in a case in which the plaintiff and defendant are both parties to a fraudulent transaction or where the fraud is perpetrated on a third party." *Id.* at 408 (citing *Hauer v. Thum,* 67 So.2d 643 (Fla. 1953)). While the bankruptcy court did not mention this language, the effect of the application is not altered. The actions of the Fund did not constitute the type that makes hands "unclean." The *Faber* court described such misconduct that "soils" as conduct that is "condemned by honest and reasonable men." *Id.* "Whether or not the doctrine is to be applied rests in the sound discretion of the chancellor." *Id.*

No evidence was presented to suggest that the Fund perpetrated a fraud or committed any condemnable action. The court found that the Fund simply made a mistake. That finding of fact is not clearly erroneous. The court then made an equitable determination based on that finding, that the Fund's actions did not result in unclean hands that would bar the Fund from recovery in this case. That equitable determination did not constitute an abuse of discretion.

**Conclusion**

Accordingly, it is

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Granting Final Summary Judgment in Favor of Hialeah Miami Springs Medical Fund and the Findings of Fact and Conclusions of Law Granting Final Summary Judgment in Favor of Hialeah Miami Springs Medical Fund (Cross-plaintiff) Against the Debtor, Patrick J. Barry (Cross-defendant) and Denying Cross-defendant's Motion for Summary Judgment are hereby **AFFIRMED.**

DONE AND ORDERED.