PER CURIAM.
After the entry of a final judgment of dissolution of marriage, the former wife filed a petition seeking both monetary relief and enforcement of the terms of the marital settlement agreement. The former husband filed a motion to dismiss in which he claimed that the former wife had not disclosed the post-dissolution litigation in her bankruptcy; to the motion, the former husband attached only a portion of the former wife’s bankruptcy petition. The trial court granted the motion to dismiss. We reverse.
The motion to dismiss was procedurally infirm, since it raised matters outside of the former wife’s petition. The pending litigation was disclosed in the bankruptcy proceeding in a part of the petition which the former husband did not attach to his motion. The doctrine of unclean hands, upon which the trial court apparently based its ruling, was inapplicable to the former wife’s conduct *983 disclosed in the record in this ease. See Hauer v. Thum, 67 So.2d 643 (Fla.1953); Hitt v. Hitt, 535 So.2d 631 (Fla. 4th DCA 1988). Finally, the existence of the bankruptcy proceeding did not preclude the former wife from filing the post-dissolution petition for the particular claim at issue in this case.
GUNTHER and GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.